IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CREIGHTON GSELL,<br><br>Plaintiff,<br><br>v.<br><br>ESTES EXPRESS LINES,<br><br>Defendant. | FILED: MARCH 21, 2008<br>08 CV 1670          JH<br>Civil Action No:___ JUDGE GETTLEMAN<br>MAGISTRATE JUDGE NOLAN |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Estes Express Lines, by and through its attorneys, Jill A. Cheskes and Ruth E. Robinson of SmithAmundsen, LLC, hereby provides notice of removal of this action to the United States District Court for the Northern District of Illinois from the Circuit Court of the Seventeenth Judicial District, County of Winnebago, and states as follows:

1.     Plaintiff filed this action in the Circuit Court on or about February 13, 2008, claiming that Defendant wrongfully discharged Plaintiff in violation of "public policy" which Plaintiff alleges is set forth in 49 U.S.C. § 30306, 49 C.F.R. § 40.153(b), and 49 C.F.R. § 40.247. (Complaint, ¶¶ 16, 23). The Circuit docketed the matter as Civil Action No. 08 L 58.

2.     The Circuit Court issued a Summons to Defendant dated February 13, 2008, and Defendant was served with the Summons and Complaint on February 20, 2008. A copy of the Summons and Complaint are attached hereto as Exhibits A and B, respectively. There have been no further proceedings in this case and no other documents or pleadings have been served upon Defendant.

3.     Pursuant to 28 U.S.C. § 1332, the District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states.

4.     Plaintiff alleges in the Complaint that he is a resident of Illinois (Complaint, ¶ 3). Defendant is a Virginia corporation with its corporate office located in Richmond, Virginia. (See Affidavit of Brenda Gerczak, attached as Exhibit "C"). The Complaint also alleges that Plaintiff suffered damages in excess of $50,000.00 in for form of "lost wages." (Complaint, ¶ 18). As noted in the attached affidavit of Brenda Gerczak, prior to his termination from employment on or about February 27, 2006, Plaintiff was earning a gross average of $1,260.10 per week. Based on this average weekly pay, and if he had remained employed with Estes through March of 2008, Plaintiff would have received wages in an approximate amount of $137,350.90. (Affidavit of Brenda Gerczak, Exhibit "C"). This figure does not include pay increases which Plaintiff may have received. (Id.) Based upon Plaintiff's allegation in this action that he is entitled to recover lost wages, and given the approximate amount of wages which Plaintiff could have earned had he remained employed with Estes, Defendant maintains that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. § 1441.

5.     The United States District Court for the Northern District of Illinois is the judicial district and division embracing the place where this case is pending. See 28 U.S.C. § 93(a).

2

6.      Venue is proper in this Court.

7.      This Notice of Removal is timely filed with this Court within thirty (30) days after Defendant first received a copy of the Complaint.  <u>See</u> 28 U.S.C. § 1446(b).

8.      In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders, including the Complaint, that have been served on Defendant are attached to this Notice of Removal as Exhibits A and B.

9.      In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all attachments, has been filed in the Circuit Court of the 17th Judicial District, County of Winnebago on this date.

10.     Pursuant to 28 U.S.C. § 1331, the district courts also have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11.     The Complaint asserts purported causes of action for wrongful discharge in violation of public policy expressed in federal law; namely, 49 U.S.C. § 31306, 49 C.F.R. § 40.153(b), and 49 C.F.R. § 40.247, although Defendant disputes whether such a cause of action actually exists under federal law and whether the allegations properly state any cause of action.  However, based upon the allegations as pled, the Court appears to have federal question jurisdiction pursuant to 28 U.S.C. § 1331 and this action is also removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant hereby provides notice that Civil Action No. 08 L 58 is removed from the Circuit Court of the 17th Judicial District, County of Winnebago to this Court for all further proceedings.

Dated this 21st day of March, 2008.

/s/ Jill A. Cheskes
/s/ Ruth E. Robinson
Jill A. Cheskes (ARDC # 06237878)
Ruth E. Robinson (ARDC # 6207546)
SmithAmundsenc, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
T (312) 894-3200
F (312) 894-3210

**ATTORNEYS FOR
ESTES EXPRESS LINES**

4

# EXHIBIT
# A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL DISTRICT
COUNTY OF WINNEBAGO

CREIGHTON GSELL,                     )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Case No. 08 L 58
                                     )
ESTES EXPRESS LINES,                 )
                                     )
        Defendant.                   )

## SUMMONS

To:   **ESTES EXPRESS LINES**
      c/o Registered Agent for Estes Express Lines:
      United States Corporation Co.
      33 North LaSalle Street
      Chicago, IL 60602

        YOU ARE SUMMONED and required to file an answer in this case, or otherwise
file your appearance, in the office of the clerk of this court, Winnebago County
Courthouse, within 30 days after service. IF YOU FAIL TO DO SO, A JUDGMENT OR
DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED
IN THE COMPLAINT.

To the Officer:

        This summons must be returned by the officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service. If service cannot
be made, this summons shall be returned so indorsed. This summons may not be served later
than 30 days after its date.

                                Witness, _Flebruary 13_____, 2008

                                _____
                                        Clerk of Court

                                        (Seal of Court)

LAW OFFICE OF RENE HERNANDEZ          Date of service _____, 2008
1625 East State Street                (To be inserted by officer on copy left with
Rockford, IL 61104                    Defendant or other person.)
(815) 387-0261

# EXHIBIT
# B

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL DISTRICT
COUNTY OF WINNEBAGO

*2 13 08*

*COPY*

| | | |
|---|---|---|
| CREIGHTON GSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 08 L *58* |
| | ) | |
| ESTES EXPRESS LINES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CREIGHTON GSELL ("Gsell"), by and through his

Attorney, Rene Hernandez, and brings forth this complaint against Defendant, ESTES

EXPRESS LINES ("Defendant"), and states as follows:

### Parties Jurisdiction & Venue

1.     This court has jurisdiction over this matter based on 49 U.S.C. § 31306

2.     This action properly lies in the Circuit of the 17ᵗʰ Judicial District County

of Winnebago, pursuant to 735 ILCS 5/2-101, 735 ILCS 5/2-102 and Meehan v. Ill.

Power Co., due to events creating the claim arose in this judicial district, and all parties

involved are located in the judicial district. 347 Ill. App. 3d 761, 766 (5ᵗʰ Dist. 2004).

3.     Plaintiff GSELL is a resident of the City of Rockford, State of Illinois

living at the residence of 4609 Sequoia Circle.

4.     The Defendant is an "employer" as defined in 49 U.S.C. § 30301 (8)

employing and leasing drivers to transport vehicles in interstate commerce located in

Rockford, Illinois.

1

5.    Defendant was subjected to the Secretary of Transportation's Drug Testing of drivers as promulgated by 49 C.F.R. Subtitle A § 40.153, authorized pursuant to 49 U.S.C. 30306.

### Allegations Common to All Counts

6.    Plaintiff realleges and reincorporates paragraphs 1-5 as though fully incorporated herein.

7.    From April 27, 1999 through February 28, 2006 GSELL was employed by Defendant as a truck driver.

8.    On February 26, 2006 GSELL was selected to undergo random alcohol and drug testing as required by the U.S. Department of Transportation.

9.    Defendant had a policy whereby any employee under the influence of any illegal drug who tests positive for alcohol use will be subject to discharge without notice or warning, which became a part of his contract of employment modifying the at-will provisions.

10.    On February 26, 2006 GSELL used mouth wash (scope) before the test, which does contain alcohol, which did not violate the Company's policy of illicit alcohol consumption prior to driving.

11.    On February 26, 2006 GSELL underwent an alcohol breathalyzer test whereby he tested positive by .012 for alcohol.

12.    In addition to the alcohol breathalyzer test that GSELL underwent, he also gave sample urine to be tested.

13.    On February 27, 2 006 Defendant discharged GSELL without complying with Federal Regulation 49 C.F.R. § 40.153 (b) which required Defendant to inform

2

GSELL of his right to request a test of the split specimen of the urine, or making information available on how to do so.

## COUNT I: WRONGFUL DISCHARGE IN VIOLATION OF PROCEDURE AS DICTATED BY PUBLIC POLICY

14.    Plaintiff reincorporates and realleges paragraphs 1-13 as though fully incorporated herein.

15.    On April 26, 1999 Defendant offered GSELL a position and asked GSELL to read and sign that he understood his employment would be discharged for good cause, namely violating safety regulations in regard to driving after alcohol consumption.

16.    On February 27, 2006 Defendant discharged GSELL in violation of public policy, as Congress articulated in 49 U.S.C. 30306 which the Secretary of Transportation enforces through 49 C.F.R. § 40.153 (b) by failing to offer him either a split specimen or information on how to obtain one prior to terminating his employment.

17.    Public policy as articulated in federal statutes in regulations mentioned in paragraph 16, *supra*, requires that employers comply with certain conditions before disciplining drivers for illicit alcohol use, and Estes Express Lines violated that policy when it discharged GSELL without offering him either a split specimen or the information on how to obtain one prior to the termination of his employment.

18.    As a result of Defendant's breach, Plaintiff has suffered damages in excess of $50,000 in lost wages.

WHEREFORE the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant in compensatory damages and all any and all damages equitable and just.

## COUNT II: WRONGFUL DISCHARGE IN VIOLATION OF STANDARD AS DICTATED BY PUBLIC POLICY

19.     Plaintiff reincorporates and realleges paragraphs 1-18 as though fully incorporated herein.

20.     On February 26, 2006 GSELL was selected to undergo random alcohol and drug testing as required by the U.S. Department of Transportation.

21.     Defendant had a policy whereby any employee under the influence of any illegal drug who tests positive for alcohol use will be subject to discharge without notice or warning, which became a part of his contract of employment modifying the at-will provisions.

22.     On February 26, 2006 GSELL used mouth wash (scope), before the test which does contain alcohol, which did not violate the Company's policy of illicit alcohol consumption prior to driving.

23.     On February 27, 2006 Defendant discharged GSELL in violation of public policy, as Congress articulated in 49 U.S.C. 30306 which the Secretary of Transportation enforces through 49 CFR § 40.247 by taking action and wrongfully discharging the plaintiff based on a breathalyzer test where the results were lower than .02.

24.     Public policy as articulated in federal statutes in regulations mentioned in paragraph 23, *supra*, requires that employers take action when the results of a

4

breathalyzer are .02 or higher, and Estes Express Lines violated that policy when it discharged GSELL basing its decision on the results of the breathalyzer test that were .017 and .012, respectively lower than .02.

WHEREFORE the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant in compensatory damages and all any and all damages equitable and just.

Respectfully submitted,

Creighton Gsell, Plaintiff.

By: _____

Rene Hernandez,
Law Offices of Rene Hernandez, P.C
1625 East State Street
Rockford, Illinois 61104
Phone: (815) 387-0261
Fax:    (815) 387-0264

**PLAINTIFF DEMANDS TRIAL BY JURY**

5

# EXHIBIT
# C

## AFFIDAVIT OF BRENDA GERCZAK

BRENDA GERCZAK, being first duly sworn, deposes and says:

1.      I am a person over the age of 18 years and am competent to state under oath the matters contained in this Affidavit.

2.      I am employed by Estes Express Lines, Inc. (hereafter "Estes") as Director of Human Resources. I have held this position since August 1, 1997.

3.      Estes is a trucking company engaged in the transportation of general commodity freight. Estes' corporate office is located in Richmond, Virginia. Estes is incorporated under the laws of the Commonwealth of Virginia .

4.      Creighton Gsell was hired by Estes on April 27, 1999. His employment was terminated on February 27, 2006 for violation of Estes' Drug and Alcohol Policy by testing positive for alcohol. Immediately prior to his discharge, Gsell was earning a gross average of $1,260.10 per week. Based on this average weekly pay, and if he had remained employed with Estes through March of 2008, Plaintiff would have received wages in an approximate amount of $137,350.90. This amount is calculated by multiplying the average weekly earnings of $1,260.10 by 109 weeks (44 weeks in 2006, 52 weeks in 2007, and 13 weeks in 2008). This figure does not include pay increases to which Gsell could have been eligible to receive (depending upon his job performance) as of November of 2006 and 2007, respectively, in the maximum amount of $.50 per hour.

Further affiant sayeth not.

This the __17__ day of March, 2008.

Brenda Gerczak

Sworn to and subscribed before
me this __17th__ day of __March__.

Notary Public    comm no.
2598 67

My commission expires: __6 / 30 / 2010__

2