IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CREIGHTON GSELL, | |
| Plaintiff, | |
| v. | Civil Action No: 08 C 1670 |
| ESTES EXPRESS LINES, | |
| Defendant. | |

## DEFENDANT'S SUPPLEMENTAL NOTICE OF REMOVAL

Defendant Estes Express Lines hereby provides this supplemental notice of removal of this action to the United States District Court for the Northern District of Illinois from the Circuit Court of the Seventeenth Judicial District, County of Winnebago, and states as follows:

1.      Plaintiff filed this action in the Circuit Court on or about February 13, 2008, claiming that Defendant wrongfully discharged Plaintiff in violation of "public policy" which Plaintiff alleges is set forth in 49 U.S.C. § 30306, 49 C.F.R. § 40.153(b), and 49 C.F.R. § 40.247.  (Complaint, ¶¶ 16, 23).  The Circuit docketed the matter as Civil Action No. 08 L 58.

2.      The Circuit Court issued a Summons to Defendant dated February 13, 2008, and Defendant was served with the Summons and Complaint on February 20, 2008.  A copy of the Summons and Complaint were attached to Defendant's original Notice of Removal (The Notice of Removal is attached hereto as Exhibit 1 and the Summons and Complaint are Exhibits A and B, respectively, of Exhibit 1)  Defendant's original Notice of Removal is incorporated into this supplemental brief by reference.

3.    On March 21, 2008, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Illinois.  (Exhibit 1).  On April 17, 2008, this Court requested that Defendant file amended jurisdictional allegations if it was maintaining a §1332(a)(1) basis for removal.  This pleading is being filed as a supplement to the original Notice of Removal pursuant to the Court's instructions.

4.    Pursuant to 28 U.S.C. § 1332, the District Courts also have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states.

5.    Plaintiff alleges in the Complaint that he is a resident of Illinois (Complaint, ¶ 3).  Upon information and belief, Plaintiff is a citizen of the State of Illinois.  (See affidavit of Jill A. Cheskes, attorney for Defendant, attached as Exhibit 2).  Defendant is a Virginia corporation with its corporate office located in Richmond, Virginia. (See Affidavit of Brenda Gerczak, attached as Exhibit C to Exhibit 1).   Defendant operates numerous trucking Terminals throughout the Eastern United States, though its principal place of business is Richmond, Virginia.   (See Affidavit of Brenda Gerczak attached hereto as Exhibit 3)  The Complaint also alleges that Plaintiff suffered damages in the form of "lost wages." (Complaint, ¶ 18).   As noted in the attached affidavit of Brenda Gerczak, prior to his termination from employment on or about February 27, 2006, Plaintiff was earning a gross average of $1,260.10.  Based on this average weekly pay, and if he had remained employed with Estes through March of 2008, Plaintiff would have received wages in an approximate amount of $137,350.90.  (Affidavit of Brenda Gerczak, Exhibit "C").  This figure does not include pay increases to which Plaintiff may have received.  (Id.)  Based upon Plaintiff's

allegation in this action that he is entitled to recover lost wages, and given the approximate amount wages which Plaintiff could have earned had he remained employed with Estes, Defendant maintains that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Therefore, diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. § 1441.

6.      The United States District Court for the Northern District of Illinois is the judicial district and division embracing the place where this case is pending.  See 28 U.S.C. § 93(a).

7.      Venue is proper in this Court.

8.      This Notice of Removal was timely filed with this Court within thirty (30) days after Defendant first received a copy of the Complaint.  See 28 U.S.C. § 1446(b).  This supplement is being timely filed by May 2, 2008 pursuant to this Court's April 17, 2008 order.

9.      In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders, including the Complaint, that have been served on Defendant were attached to the original Notice of Removal. (Exhibit 1)

10.     In compliance with 28 U.S.C. § 1446(d), a copy of the Original Notice of Removal, with all attachments, was filed in the Circuit Court of the 17th Judicial District, County of Winnebago.

WHEREFORE, Defendant hereby provides notice that Civil Action No. 08 L 58 is removed from the Circuit Court of the 17th Judicial District, County of Winnebago to this Court for all further proceedings.

Dated this 1st day of May, 2008.

/s/ Jill A. Cheskes_____
/s/ Ruth E. Robinson_____
Jill A. Cheskes (ARDC #06237878)
Ruth E. Robinson (ARDC #6207546)
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
T (312) 894-3200
F (312) 894-3210

**ATTORNEYS FOR
ESTES EXPRESS LINES**

# EXHIBIT
# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CREIGHTON GSELL,

          Plaintiff,

       v.

ESTES EXPRESS LINES,

          Defendant.

Civil Action No:_____

FILED: MARCH 21, 2008

08 CV 1670              JH

JUDGE GETTLEMAN

MAGISTRATE JUDGE NOLAN

## DEFENDANT'S NOTICE OF REMOVAL

        Defendant Estes Express Lines, by and through its attorneys, Jill A. Cheskes and Ruth

E. Robinson of SmithAmundsen, LLC, hereby provides notice of removal of this action to

the United States District Court for the Northern District of Illinois from the Circuit Court of

the Seventeenth Judicial District, County of Winnebago, and states as follows:

        1.     Plaintiff filed this action in the Circuit Court on or about February 13, 2008,

claiming that Defendant wrongfully discharged Plaintiff in violation of "public policy" which

Plaintiff alleges is set forth in 49 U.S.C. § 30306, 49 C.F.R. § 40.153(b), and 49 C.F.R. §

40.247. (Complaint, ¶¶ 16, 23). The Circuit docketed the matter as Civil Action No. 08 L

58.

        2.     The Circuit Court issued a Summons to Defendant dated February 13, 2008,

and Defendant was served with the Summons and Complaint on February 20, 2008. A copy

of the Summons and Complaint are attached hereto as Exhibits A and B, respectively. There

have been no further proceedings in this case and no other documents or pleadings have been

served upon Defendant.

3.    Pursuant to 28 U.S.C. § 1332, the District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states.

4.    Plaintiff alleges in the Complaint that he is a resident of Illinois (Complaint, ¶ 3). Defendant is a Virginia corporation with its corporate office located in Richmond, Virginia. (See Affidavit of Brenda Gerczak, attached as Exhibit "C"). The Complaint also alleges that Plaintiff suffered damages in excess of $50,000.00 in for form of "lost wages." (Complaint, ¶ 18). As noted in the attached affidavit of Brenda Gerczak, prior to his termination from employment on or about February 27, 2006, Plaintiff was earning a gross average of $1,260.10 per week. Based on this average weekly pay, and if he had remained employed with Estes through March of 2008, Plaintiff would have received wages in an approximate amount of $137,350.90. (Affidavit of Brenda Gerczak, Exhibit "C"). This figure does not include pay increases which Plaintiff may have received. (Id.) Based upon Plaintiff's allegation in this action that he is entitled to recover lost wages, and given the approximate amount of wages which Plaintiff could have earned had he remained employed with Estes, Defendant maintains that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. § 1441.

5.    The United States District Court for the Northern District of Illinois is the judicial district and division embracing the place where this case is pending. See 28 U.S.C. § 93(a).

2

6.  Venue is proper in this Court.

7.  This Notice of Removal is timely filed with this Court within thirty (30) days after Defendant first received a copy of the Complaint. See 28 U.S.C. § 1446(b).

8.  In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders, including the Complaint, that have been served on Defendant are attached to this Notice of Removal as Exhibits A and B.

9.  In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all attachments, has been filed in the Circuit Court of the 17th Judicial District, County of Winnebago on this date.

10.  Pursuant to 28 U.S.C. § 1331, the district courts also have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11.  The Complaint asserts purported causes of action for wrongful discharge in violation of public policy expressed in federal law; namely, 49 U.S.C. § 31306, 49 C.F.R. § 40.153(b), and 49 C.F.R. § 40.247, although Defendant disputes whether such a cause of action actually exists under federal law and whether the allegations properly state any cause of action. However, based upon the allegations as pled, the Court appears to have federal question jurisdiction pursuant to 28 U.S.C. § 1331 and this action is also removable pursuant to 28 U.S.C. § 1441.

3

WHEREFORE, Defendant hereby provides notice that Civil Action No. 08 L 58 is removed from the Circuit Court of the 17th Judicial District, County of Winnebago to this Court for all further proceedings.

Dated this 21st day of March, 2008.

/s/ Jill A. Cheskes
/s/ Ruth E. Robinson
Jill A. Cheskes (ARDC # 06237878)
Ruth E. Robinson (ARDC # 6207546)
SmithAmundsenc, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
T (312) 894-3200
F (312) 894-3210

**ATTORNEYS FOR
ESTES EXPRESS LINES**

4

# EXHIBIT
# A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL DISTRICT
COUNTY OF WINNEBAGO

CREIGHTON GSELL,                        )
                                        )
        Plaintiff,                      )
                                        )
                                        )   Case No. 08 L 58
v.                                      )
                                        )
ESTES EXPRESS LINES,                    )
                                        )
        Defendant.                      )

## SUMMONS

To:    **ESTES EXPRESS LINES**
       c/o Registered Agent for Estes Express Lines:
       United States Corporation Co.
       33 North LaSalle Street
       Chicago, IL 60602

       **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise
file your appearance, in the office of the clerk of this court, Winnebago County
Courthouse, within 30 days after service. **IF YOU FAIL TO DO SO, A JUDGMENT OR
DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED
IN THE COMPLAINT.**

To the Officer:

       This summons must be returned by the officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service. If service cannot
be made, this summons shall be returned so indorsed. This summons may not be served later
than 30 days after its date.

                                   Witness, _Feborury 13_____, 2008

                                   _____
                                        Clerk of Court

                                        (Seal of Court)

LAW OFFICE OF RENE HERNANDEZ        Date of service_____, 2008
1625 East State Street              (To be inserted by officer on copy left with
Rockford, IL 61104                  Defendant or other person.)
(815) 387-0261

# EXHIBIT
# B

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL DISTRICT
COUNTY OF WINNEBAGO

2 13 08

CREIGHTON GSELL,                    )
                                    )          COPY
        Plaintiff,                  )
                                    )
vs.                                 )          Case No: 08 L 58
                                    )
ESTES EXPRESS LINES,                )
                                    )
        Defendant.                  )

## COMPLAINT

NOW COMES the Plaintiff, CREIGHTON GSELL ("Gsell"), by and through his

Attorney, Rene Hernandez, and brings forth this complaint against Defendant, ESTES

EXPRESS LINES ("Defendant"), and states as follows:

### Parties Jurisdiction & Venue

1.      This court has jurisdiction over this matter based on 49 U.S.C. § 31306

2.      This action properly lies in the Circuit of the 17ᵗʰ Judicial District County

of Winnebago, pursuant to 735 ILCS 5/2-101, 735 ILCS 5/2-102 and Meehan v. Ill.

Power Co., due to events creating the claim arose in this judicial district, and all parties

involved are located in the judicial district. 347 Ill. App. 3d 761, 766 (5ᵗʰ Dist. 2004).

3.      Plaintiff GSELL is a resident of the City of Rockford, State of Illinois

living at the residence of 4609 Sequoia Circle.

4.      The Defendant is an "employer" as defined in 49 U.S.C. § 30301 (8)

employing and leasing drivers to transport vehicles in interstate commerce located in

Rockford, Illinois.

5.    Defendant was subjected to the Secretary of Transportation's Drug
Testing of drivers as promulgated by 49 C.F.R. Subtitle A § 40.153, authorized pursuant
to 49 U.S.C. 30306.

### Allegations Common to All Counts

6.    Plaintiff realleges and reincorporates paragraphs 1-5 as though fully
incorporated herein.

7.    From April 27, 1999 through February 28, 2006 GSELL was employed by
Defendant as a truck-driver.

8.    On February 26, 2006 GSELL was selected to undergo random alcohol
and drug testing as required by the U.S. Department of Transportation.

9.    Defendant had a policy whereby any employee under the influence of any
illegal drug who tests positive for alcohol use will be subject to discharge without notice
or warning, which became a part of his contract of employment modifying the at-will
provisions.

10.    On February 26, 2006 GSELL used mouth wash (scope) before the test,
which does containe alcohol, which did not violate the Company's policy of illicit
alcohol consumption prior to driving.

11.    On February 26, 2006 GSELL underwent an alcohol breathalyzer test
whereby he tested positive by .012 for alcohol.

12.    In addition to the alcohol breathalyzer test that GSELL underwent, he also
gave sample urine to be tested.

13.    On February 27, 2 006 Defendant discharged GSELL without complying
with Federal Regulation 49 C.F.R. § 40.153 (b) which required Defendant to inform

2

GSELL of his right to request a test of the split specimen of the urine, or making information available on how to do so.

## COUNT I: WRONGFUL DISCHARGE IN VIOLATION OF PROCEDURE AS DICTATED BY PUBLIC POLICY

14.   Plaintiff reincorporates and realleges paragraphs 1-13 as though fully incorporated herein.

15.   On April 26, 1999 Defendant offered GSELL a position and asked GSELL to read and sign that he understood his employment would be discharged for good cause, namely violating safety regulations in regard to driving after alcohol consumption.

16.   On February 27, 2006 Defendant discharged GSELL in violation of public policy, as Congress articulated in 49 U.S.C. 30306 which the Secretary of Transportation enforces through 49 C.F.R. § 40.153 (b) by failing to offer him either a split specimen or information on how to obtain one prior to terminating his employment.

17.   Public policy as articulated in federal statutes in regulations mentioned in paragraph 16, *supra*, requires that employers comply with certain conditions before disciplining drivers for illicit alcohol use, and Estes Express Lines violated that policy when it discharged GSELL without offering him either a split specimen or the information on how to obtain one prior to the termination of his employment.

18.   As a result of Defendant's breach, Plaintiff has suffered damages in excess of $50,000 in lost wages.

3

WHEREFORE the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant in compensatory damages and all any and all damages equitable and just.

## COUNT II: WRONGFUL DISCHARGE IN VIOLATION OF STANDARD AS DICTATED BY PUBLIC POLICY

19.     Plaintiff reincorporates and realleges paragraphs 1-18 as though fully incorporated herein.

20.     On February 26, 2006 GSELL was selected to undergo random alcohol and drug testing as required by the U.S. Department of Transportation.

21.     Defendant had a policy whereby any employee under the influence of any illegal drug who tests positive for alcohol use will be subject to discharge without notice or warning, which became a part of his contract of employment modifying the at-will provisions.

22.     On February 26, 2006 GSELL used mouth wash (scope), before the test which does contain alcohol, which did not violate the Company's policy of illicit alcohol consumption prior to driving.

23.     On February 27, 2006 Defendant discharged GSELL in violation of public policy, as Congress articulated in 49 U.S.C. 30306 which the Secretary of Transportation enforces through 49 CFR § 40.247 by taking action and wrongfully discharging the plaintiff based on a breathalyzer test where the results were lower than .02.

24.     Public policy as articulated in federal statutes in regulations mentioned in paragraph 23, *supra*, requires that employers take action when the results of a

4

breathalyzer are .02 or higher, and Estes Express Lines violated that policy when it discharged GSELL basing its decision on the results of the breathalyzer test that were .017 and .012, respectively lower than .02.

WHEREFORE the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant in compensatory damages and all any and all damages equitable and just.

Respectfully submitted,

Creighton Gsell, Plaintiff.

By: _____

Rene Hernandez,
Law Offices of Rene Hernandez, P.C.
1625 East State Street
Rockford, Illinois 61104
Phone:  (815) 387-0261
Fax:    (815) 387-0264

**PLAINTIFF DEMANDS TRIAL BY JURY**

5

# EXHIBIT
# C

## AFFIDAVIT OF BRENDA GERCZAK

BRENDA GERCZAK, being first duly sworn, deposes and says:

1.     I am a person over the age of 18 years and am competent to state under oath the matters contained in this Affidavit.

2.     I am employed by Estes Express Lines, Inc. (hereafter "Estes") as Director of Human Resources. I have held this position since August 1, 1997.

3.     Estes is a trucking company engaged in the transportation of general commodity freight. Estes' corporate office is located in Richmond, Virginia. Estes is incorporated under the laws of the Commonwealth of Virginia .

4.     Creighton Gsell was hired by Estes on April 27, 1999. His employment was terminated on February 27, 2006 for violation of Estes' Drug and Alcohol Policy by testing positive for alcohol. Immediately prior to his discharge, Gsell was earning a gross average of $1,260.10 per week. Based on this average weekly pay, and if he had remained employed with Estes through March of 2008, Plaintiff would have received wages in an approximate amount of $137,350.90. This amount is calculated by multiplying the average weekly earnings of $1,260.10 by 109 weeks (44 weeks in 2006, 52 weeks in 2007, and 13 weeks in 2008). This figure does not include pay increases to which Gsell could have been eligible to receive (depending upon his job performance) as of November of 2006 and 2007, respectively, in the maximum amount of $.50 per hour.

Further affiant sayeth not.

This the _17_ day of March, 2008.

Brenda Gerczak

Sworn to and subscribed before
me this _17th_ day of _March_.

Notary Public   comm no.
                25A867

My commission expires: _6/30/2010_

2

# EXHIBIT
# 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CREIGHTON GSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 CV 1670 JH |
| | ) | |
| ESTES EXPRESS LINES, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF JILL A. CHESKES

1.      I am an attorney with SmithAmundsen LLC and serving as an attorney for Estes Express Lines in the matter of Gsell v. Estes Express Lines, originally filed in the Circuit Court of Winnebago County, Illinois, No. 08 L 58.

2.      I am of sound mind and make this affidavit based upon my own personal knowledge.

3.      I, and others at my direction, have conducted a thorough investigation into the matters surrounding the pending issue in this case and I have personal knowledge, gained through this investigation, of the facts set forth in this affidavit.

4.      After investigation I believe that Plaintiff, Creighton Gsell, is a resident and citizen of Rockford, Illinois and was at the time this litigation was filed.

5.      My investigation revealed the following:

        a.      Plaintiff currently resides in Rockford, Illinois at 4609 Sequoia Circle (the "Rockford Address"). A warranty deed for this property was recorded in 2000 that transferred the property to Plaintiff and Robert J. Gsell, Husband and Wife, in joint tenancy. (Exhibit A) The deed identifies that all future taxes on the property are to be directed to Plaintiff at the Rockford Address. (Id) In 2003, a

1

quit claim deed was recorded wherein Roberta J. Gsell, quit claimed the same property to Plaintiff, solely.  (Exhibit B)  All future taxes were to go directly to Plaintiff.  (Id)  Tax bills for this property have gone to Plaintiff at the Rockford Address since 2001.  These taxes have been paid.

b.     Plaintiff currently has a valid Illinois driver's license listing his Rockford Address.

c.     Plaintiff currently has an Illinois hunting/fishing license listing Illinois as his home state and listing his Rockford Address.

d.     Plaintiff currently has multiple vehicles registered with the State of Illinois all listing his Rockford Address.  Additionally, Plaintiff has had multiple vehicles registered with the State of Illinois all listing his Rockford Address since 2000.

e.     Plaintiff is registered to vote in Illinois connected with his Rockford Address and has been registered at that address since 1999.

6.     I have not attached certain other documents that were obtained that evidence these facts as not all are publicly available.


**FURTHER AFFIANT SAYETH NAUGHT.**

JILL A. CHESKES

SUBSCRIBED AND SWORN TO

before me this _30th_ day of April, 2008.

Notary Public

OFFICIAL SEAL
JENNIFER L SCHUTH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/17/09

2

# EXHIBIT
# A

173D-010          12-29-477-012                    16

**WARRANTY DEED**
**JOINT TENANCY**

REC'T FEB 0 9 2000

**THIS    INDENTURE**
**WITNESSETH,    that**
the **GRANTOR, CHARLES P. KLEIN,**

**WHOSE ADDRESS IS:** 12619 Rt. 26 North, Orangeville, IL 61060

for and in consideration of the sum of one dollar and other good
and valuable considerations in hand paid, **CONVEYS** and **WARRANTS** to

CREIGHTON GSELL and ROBERTA GSELL, husband and wife,

**WHOSE ADDRESS IS:**

**NOT AS TENANTS IN COMMON, BUT AS JOINT TENANTS,**

**THE PROPERTY COMMONLY KNOWN AS:** 4609 Sequoia Circle, Rockford, IL

**PROPERTY CODE:** 173D-010 **AND LEGALLY DESCRIBED AS:**

Lot Ten (10) in Block Four (4) as designated upon Plat No. 2
of Edgewood Hills, being a Subdivision of part of the East
part of the S.E. ¼ of Section 29, T. 44 N., R. 2 E. of the 3rd
P.M., the Plat of which Subdivision is recorded in Book 27 of
the Plats on page 147 in the Recorder's Office of Winnebago
County, Illinois, situated in the County of Winnebago and
State of Illinois.

SUBJECT TO: Easements, covenants, restrictions and highways
of record or openly existing, if any, and taxes for the year
1999 and subsequent years.

situated in Winnebago County, Illinois, hereby releasing and
waiving all rights under and by virtue of the Homestead Exemption
Laws of the State of Illinois.

RECORDED BY: 23393
NORTHERN ILLINOIS TITLE AGENCY

STATE OF ILLINOIS
COUNTY OF WINNEBAGO

I hereby Certify that this Document
is a True and Correct copy of the
original Document as recorded in the
Recorder's Office.

_____ Recorder
Dated: 4/21/08 # of pages 2

*(left margin, vertical text):* 0006853 Ken Staaf, Winnebago County Recorder    02/09/2000 03:23P    1 of 2

0006853      02/09/2000 03:23P     2 of  2
Ken Staaf, Winnebago County Recorder

Dated this          day of              , 2000.

*cancelledms*

STATE OF ILLINOIS

FEB. -9.00

WINNEBAGO COUNTY

STATE & COUNTY TAX

**REAL ESTATE TRANSFER TAX**

0015300

FP326680

0000001660

or Representative

CHARLES P. KLEIN

STATE OF ILLINOIS
WINNEBAGO COUNTY

I, the undersigned, a Notary Public, in and for said County and
state aforesaid, DO HEREBY CERTIFY THAT:

    CHARLES P. KLEIN,

who is personally known to me to be the same person(s) whose
name(s) is subscribed to the foregoing instrument, as having
executed the same, appeared before me this day in person and
acknowledged that he signed, sealed and delivered the said
instrument as his free and voluntary act for the purposes therein
set forth, including the release and waiver of the right of
homestead.
    Given under my hand and Notarial Seal this         day of
2000.

"OFFICIAL SEAL"
VICTORIA K. BONSALL-DONOVAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/25/2003

NOTARY PUBLIC

FUTURE TAXES TO:                    RETURN TO:

Name:   Creighton Gsell and        CREIGHTON + ROBERTA
        Roberta Gsell                         GSELL
Address: 4609 Sequoia Circle       4609 SEQUOIA CR.
         Rockford, IL   61108      ROCKFORD, IL 61108

This Instrument Prepared By: Atty. Stephen G. Balsley, One Madison,
                            Rockford, IL 61104

# EXHIBIT
# B

*12-29-477-012*

*16*

**QUIT CLAIM DEED**
**KENNETH W. STAAF**
**WINNEBAGO COUNTY RECORDER**

THIS INDENTURE WITNESSETH,
THAT THE GRANTOR(S):

ROBERTA J. GSELL, **A MARRIED PERSON**                    RECD APR 18 2003

WHOSE ADDRESS IS:                                        8 AM Sorry.

for and in consideration of the sum of One Dollar and other good and valuable
consideration in hand paid, CONVEY and QUIT CLAIM to:

                    CREIGHTON H. GSELL

WHOSE ADDRESS IS:

**THE PROPERTY COMMONLY KNOWN AS:** 4609 Sequoia Circle, Rockford, IL  61103

**PROPERTY CODE:**    173 D 010
**NEW PROPERTY TAX CODE:**  12-29-477-012

**AND LEGALLY DESCRIBED AS:**

Lot Ten (10) in Block Four (4) as designated upon Plat No. 2 of Edgewood
Hills, being a Subdivision of part of the East part of the Southeast Quarter
(1/4), Section 29, Township 44 North, Range 2 East of the Third Principal
Meridian, Winnebago County, Illinois, the Plat of which Subdivision is
recorded in Book 27 of Plats on page 147 in the Recorder's Office of Winnebago
County, Illinois; situated in the County of Winnebago and State of Illinois.

IN CONSIDERATION OF LESS THAN $100.00!

        (Continue legal on reverse side or on a separate sheet if necessary)

situated in Winnebago County, Illinois, hereby releasing and waiving all
rights under and by virtue of the Homestead Exemption Laws of the State of
Illinois.

                        Dated this 9th day of April ,2003.

Affix Transfer Tax Stamp
        or
"Exempt pursuant to Section 3145                Roberta J Gsell
 of the Real Estate Transfer Tax Law.           Grantors Signature(s)
                                                ROBERTA J. GSELL

DATE    BUYER, SELLER OF REPRESENTATIVE

                        OVER    tua 21347

        0334603    04/18/2003 09:19A    1 of
        Ken Staaf, Winnebago County Recorder

                                        STATE OF ILLINOIS
                                        COUNTY OF WINNEBAGO

                            I hereby Certify that this Document
                            is a True and Correct copy of the
                            original Document as recorded in the
                                    Recorder's Office.

                            Kenneth Staaf            Recorder
                            Dated: 4/29/08  # of pages  3

QUIT CLAIM DEED

PAGE 2    Remainder of space available for legal description

04/18/2003 09:19A    2 of 3
Ken Staaf, Winnebago County Recorder
0334603

STATE OF ILLINOIS      )      I, THE UNDERSIGNED, A NOTARY PUBLIC IN AND
WINNEBAGO COUNTY       )SS    FOR SAID COUNTY AND STATE AFORESAID, DO
                              HEREBY CERTIFY THAT:

ROBERTA J. GSELL_____ ,PERSONALLY KNOWN TOME TO BE THE SAME PERSON(S) WHOSE
NAME (IS)(ARE) SUBSCRIBED TO THE FOREGOING INSTRUMENT, APPEARED BEFORE ME THIS
DAY IN PERSON, AND ACKNOWLEDGED THAT (HE)(SHE)(THEY) SIGNED, SEALED AND
DELIVERED THE SAID INSTRUMENT AS (HIS)(HER)(THEIR)FREE AND VOLUNTARY ACT, FOR
THE USES AND PURPOSES THEREIN SET FORTH, INCLUDING THE RELEASE AND WAIVER OF
THE RIGHT OF HOMESTEAD.

GIVEN UNDER MY HAND AND NOTARIAL SEAL
THIS ___ DAY OF _____ , 2003.

NOTARY PUBLIC

OFFICIAL SEAL
YOLANDA MADRID
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. OCT. 27,2006

IMPRESS SEAL HERE

FUTURE TAXES TO:                         RETURN TO:

Name: Creighton H. Gsell                 Name: Creighton H. Gsell

Address: 460? Sequoia Circle             Address: 460? Sequoia Circle

City/State/Zip: Rockford, IL  61103      City/State/Zip:  Rockford, IL 61103

              This instrument prepared by:

Name: ANTHONY A. SAVAIANO Address: 535 Loves Park Drive, Loves Park, IL 61111

              WINNEBAGO COUNTY RECORDER'S OFFICE
                KENNETH W. STAAF, RECORDER

0334603    04/18/2003 09:19A    3 of    3
Ken Staaf, Winnebago County Recorder

State of Illinois            )
                             ) ss
County of Winnebago          )

**AFFIDAVIT OF EXCEPTION TO THE PLAT ACT**
**-765 ILCS 205**

I, Roberta J. Gsell, being duly sworn on oath, states that he/she
_Print Name_

resides at 4609 Sequoia Circle, Rockford, IL 61103, and the attached deed represents:
_Street_        _City_        _State_    _Zip Code_

**Review and Initial the Exemption Which is Applicable to the Attached Deed:**

__X__ The attached deed does not represent any type of division of an existing parcel of land.

____ The division or subdivision of land into parcels or tracts of five (5) acres or more in size which does not involve any new streets or easements of access.

____ The division of lots or blocks of less than one (1) acre in any recorded subdivision which does not involve any new streets or easements of access.

____ The sale or exchange of parcels of land between owners of adjoining and contiguous land.

____ The conveyance of parcels of land or interests therein for use as a right of way for railroads or other public utility facilities and other pipe lines, which does not involve any new streets or easements of access.

____ The conveyance of land owned by a railroad or other public utility which does not involve any new streets or easements of access.

____ The conveyance of land for highway or other public purpose or grants or conveyances relating to the dedication of land for public use or instruments relating to the vacation of land impressed with a public use.

____ The conveyance is made to correct descriptions in prior conveyances.

____ The sale or exchange of parcels or tracts of land following the division into no more than two (2) parts of a particular parcel or tract of land existing on July 17, 1959, and not involving any new streets or easements of access.

____ The sale of a single lot of less than five (5) acres from a larger tract when a survey is made by an Illinois Registered Land Surveyor; provided, that this exemption shall not apply to the sale of any subsequent lots from the same larger tract of land, as determined by the dimensions and configuration of the larger tract on October 1, 1973, and provided also that this exemption does not invalidate any local requirements applicable to the subdivision of land.

Note: Winnebago County's zoning ordinances states that newly created agriculture parcels with less than six (6) acres or frontage of less than 250 ft. requires a Special Use Permit. See the Regional Planning & Economic Development Department, Zoning Division, Room 301, for details.

| Section 765 ILCS 205/5 of the Illinois Compiled Statutes states that whoever knowingly submits a false affidavit is in violation and may be prosecuted. This non-compliance may also result in your revision not being processed. |
|---|

Affiant further states that this affidavit is made and submitted for the purpose of inducing the Recorder of Winnebago County, Illinois to accept the attached deed for recording.

_____
            _Signature_

Subscribed and Sworn to Before Me On This ___ Day of ___, 20___

Notary _____
                    _Notary's Signature_

OFFICIAL SEAL
YOU ... A ... RID
NOTARY PUBLIC ST... OF ILLINOIS
MY COMMISSION ... ...2006

(Notary seal)

| This affidavit only ensures the Recorder's Office compliance with the State Plat Act. If the property is located within a municipality or within 1½ miles of a municipality, local ordinances may apply. For your protection, it is recommended that you have this land division reviewed and approved by the municipality. |
|---|

Name of Municipality Where Property Is Located: _____

_Municipal Planning Official's Signature_        _Print Name_        _Date_

_Municipal Addressing Official's Signature_        _Print Name_        _Date_
_(may be same as Planning Official)_

Property Address(es) is (are) attached:        _This form provided by:_
[ ] Yes, [ ] No        Winnebago County Recorder's Office, Kenneth W. Staaf, Recorder
                       404 Elm Street, Room 405, Rockford, IL 61101; Phone: 815-987-3100; FAX: 815-961-326'

# EXHIBIT
# 3

COMMONWEALTH OF VIRGINIA
CITY OF RICHMOND

### AFFIDAVIT OF BRENDA GERCZAK

BRENDA GERCZAK, being first duly sworn, deposes and says:

1. I am a person over the age of 18 years and am competent to state under oath the matters contained in this Affidavit.

2. I am employed by Estes Express Lines, Inc. (hereafter "Estes") as Director of Human Resources. I have held this position since August 1, 1997.

3. Estes is a trucking company engaged in the transportation of general commodity freight. Estes' corporate office is located in Richmond, Virginia. Estes is incorporated under the laws of the Commonwealth of Virginia. Estes operates numerous trucking Terminals throughout the Eastern United States, though its principal place of business is Richmond, Virginia.

Further affiant sayeth not.

This the _30_ day of April, 2008.

Brenda Gerczak

Sworn to and subscribed before
me this _30_ day of _april_ .

Notary Public

My commission expires:_ August 31, 2009_

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CREIGHTON GSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 CV 1670 |
| | ) | |
| ESTES EXPRESS LINES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, a copy of the foregoing **Supplemental Notice of Removal** was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

Rene Hernandez
Law Offices of Rene Hernandez, P.C.
1625 East State Street
Rockford, Illinois  61104

David L. Terry
Poyner & Spruill LLP
One Wachovia Center
301 S. College Street, Suite 2300
Charlotte, North Carolina 28202

This 1st day of May, 2008.

/s/Jill A. Cheskes_____
/s/ Ruth E. Robinson_____
Jill A. Cheskes (ARDC # 06237878)
Ruth E. Robinson (ARDC # 6207546)
SmithAmundsenc, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL  60601
T (312) 894-3200
F (312) 894-3210