**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CREIGHTON GSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 08 C 1670JH |
| | ) | |
| ESTES EXPRESS LINES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiff, CREIGHTON GSELL ("Gsell"), by and through his Attorney, Rene Hernandez, and brings forth this response against Defendant's, ESTES EXPRESS LINES ("Defendant"), motion to dismiss and states as follows:

**I.    STATEMENT OF THE CASE**

The Plaintiff, GSELL is in agreement with the summary of the statement of the case as stated in the Defendant's Memorandum in Support of its Motion to Dismiss.

**II.    SUMMARY OF FACTS ALLEGED IN COMPLAINT**

The following summarizes the relevant facts alleged in the Complaint.

1. The Defendant is an "employer" as defined in 49 U.S.C. § 30301 (8), employing and leasing drivers to transport vehicles in interstate commerce located in Rockford, Illinois.

2. From April 27, 1999 through February 28, 2006 GSELL was employed by Defendant as a truck driver.

3. On February 26, 2006 GSELL was selected to undergo random alcohol and drug testing as required by the U.S. Department of Transportation.

4. Defendant had a policy whereby any employee under the influence of any illegal drug who tests positive for alcohol use will be subject to discharge without notice or warning, which became part of his contract of employment modifying the at-will provisions.

5. Defendant was subjected to the Secretary of Transportation's Drug Testing of drivers as promulgated by 49 C.F.R. Subtitle A § 40.153, authorized pursuant to 49 U.S.C. 30306.

6. On February 26, 2006 GSELL used mouth wash (scope) before the test, which contains alcohol, which did not violate the Company's policy of illicit alcohol consumption prior to driving.

7. On February 26, 2006 GSELL underwent an alcohol breathalyzer test whereby he tested positive by .012 for alcohol.

8. In addition to the alcohol breathalyzer test that GSELL underwent, he also gave sample urine to be tested.

9. On February 27, 2006 Defendant discharged GSELL without complying with Federal Regulation 49 C.F.R. § 40.153 (b) which required Defendant to inform GSELL of his right to request a test of the split specimen of the urine, or making information available on how to do so.

### III.   APPLICABLE LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all reasonable inferences in the Plaintiff's favor. Christensen v. County of Boone, 483 F.3d 454, 457 (7th Cir. 2007). Summary judgment should only be entered when the moving party has sustained

its burden of showing absence of genuine issue as to any material fact when all evidence is viewed in light most favorable to nonmoving party, and all doubt as to existence of genuine issue of material fact must be resolved against moving party. Fed. R. Civ. P. Rule 12(b)(6). The Defendant's use of Rule 12(b)(6) is not applicable in the present case due to the pleading containing enough facts to state a claim to relief that is plausible on its face.

### IV.   ARGUMENT

#### A. Plaintiff states a valid claim for relief under Illinois law.

The general rule regarding employees in the state of Illinois is that they are at-will employees. Under the employment-at-will doctrine, employers may discharge, transfer or discipline employees for any reason or for no reason at all. Vickers v. Abbott Laboratories, 308 Ill.App.3d 393, 719 N.E.2d 1101, 241 Ill.Dec. 698 (Ill.App. 1 Dist.,1999). However, Illinois recognizes an exception to employment-at-will doctrine and allows an employee to sue in tort where termination from employment violates a public policy. Kelsay v. Motorola, Inc., 74 Ill.2d 172, 23 Ill. Dec. 559, 384 N.E.2d 353 (1978). In Kelsay, the Court found that retaliatory discharge was deemed to be a violation of public policy. Id. The Illinois Supreme Court expanded the tort of retaliatory discharge in Palmateer v. International Harvester Co., 106 Ill.2d 124, 130, 421 N.E.2d 876, 878 (1981). The Defendant's assertion in the Motion to Dismiss, that the Plaintiff's case does not meet the requirements of retaliatory discharge, is not in dispute. The Plaintiff is not making the contention that he was discharged as a result of retaliation. His contention is that his discharge was a violation of public policy. Retaliatory discharge is one way that has been shown to be a violation of public policy. In Carty v.

Suter Co., Inc., 371 Ill.App.3d 784, 863 N.E.2d 771, 309 Ill.Dec.139(Ill.App. 2 Dist.,2007), the Court found that the parties in question raised no issue as to whether Plaintiff was discharged in retaliation for his activities.  They did, however, contest whether his discharge violated public policy.  The Court held that it did, despite the absence of an allegation of retaliatory discharge.  Id. at 4.  The Court's decision in Suter, shows an expansion of what constitutes a violation of public policy.  Thus, the Plaintiff in the present case should be afforded the same opportunity to demonstrate violation of public policy and should not be automatically precluded based on a lack of allegation of retaliatory discharge.

### B.  Plaintiff's discharge does offend public policy.

Public policy was violated in two different ways when GSELL was discharged as an employee at Estes.  First, public policy, as articulated by Congress in 49 U.S.C. 30306 which the Secretary of Transportation enforces through 49 CFR § 40.247, mentioned in paragraph 23 of the Complaint, requires that employers take action when the results of a breathalyzer are .02 or higher, and Estes Express Lines violated that policy when it discharged GSELL, basing its decision on the results of the breathalyzer test that were .017 and .012, respectively, lower than .02.

In a similar case to the present one, the Court found that a suspended motorist may establish a prima facie case on grounds that the test results were unreliable, by presenting evidence of any circumstance which tends to cast doubt on test's accuracy, including, but not limited to, credible testimony by motorist that he was not in fact, under influence of alcohol. S.H.A. ch. 95 1/2, ¶ 2-118.1.  People v. Orth, 124 Ill.2d 326, 530 N.E.2d 210, 125 Ill.Dec. 182 (Ill.,1988).  Applying Orth to the present case, GSELL may

establish a prima facie case illustrating that the results of the breathalyzer test were unreliable, by presenting any type of evidence that illustrates doubt on the accuracy of the test. There are several pieces of evidence that cast doubt on the accuracy of the breathalyzer test. First, the fact that the Plaintiff consumed one glass of wine, the night before, which was ten hours prior to being tested and used Scope mouthwash the day of the breathalyzer should not have resulted in a conclusion that the Plaintiff was under the influence of alcohol and thus subject to automatic discharge. Secondly, GSELL also presented evidence in his Claimant Interview that "I never drank while I drove, or went out to drink." The Plaintiff's drinking habits are limited to an occasional glass of wine with dinner. According to the Employer Interview, GSELL's actions would have led to danger to others, loss of life and damage to company property. While GSELL was deemed to be dangerous, this declaration is not in agreement with the Defendant's drug and alcohol policy. The results of the Plaintiff's breathalyzer test were not high enough to constitute automatic discharge under the Defendant's drug and alcohol policy. Furthermore, GSELL had been working for the Defendant for nearly seven years, he was aware of the random testing and it is uncontested that throughout his entire employment he had never received a prior warning for the act he was discharged for. This confirmation further supports GSELL's statements that he only occasionally drank and never did on the job. This evidence demonstrates that GSELL has a prima facie case that the test results are unreliable.

In the case of <u>Wigginton v. White</u>, 364 Ill.App.3d 900, 847 N.E.2d 646, 301 Ill.Dec. 636 (Ill.App. 1 Dist.,2006) the Court said that once a school bus driver satisfies the burden of proving prima facie evidence that the drug test result is unreliable, the

burden of proof shifted to the Defendant, the Secretary of State, to show the reliability of the test. Applying Wigginton to the present case and taking into consideration the aforementioned evidence, the burden of proof should be shifted to the Defendant to demonstrate the reliability of GSELL's breathalyzer test.

Secondly, the Defendant violated public policy set forth in Department of Transportation regulation 49 C.F.R. § 40.153(b), mentioned in paragraph 16 of the Complaint which requires that employers comply with certain conditions before disciplining drivers for illicit alcohol use, and Estes Express Lines violated that policy when it discharged GSELL without offering him either a split specimen or the information on how to obtain one prior to the termination of his employment. While the Plaintiff was not directly discharged for the results the specimen, the fact that he was not afforded due rights that are required by the federal statutes is prejudicial and violative of public policy. In Wigginton, the Court held that failure of the testing laboratory to comply with federal regulation requiring the Medical Review Officer to notify the school bus driver of her right to request a split sample test within 72 hours was prejudicial. Similarly, the Defendant's failure to adhere to the Department of Transportation regulations should be deemed a source of public policy which would support a claim for wrongful discharge.

**C.  GSELL is entitled to a private right of action under Federal law.**

The Plaintiff filed the present case on February 13, 2008 in the Winnebago Circuit Court, 17th Judicial District, State of Illinois. Subsequently, the Defendant removed the case to Federal Court on March 21, 2008 in an effort to inhibit the Plaintiff from bringing suit under the reasons stated in Section C of the Defendant's Motion to Dismiss. It was

not the Plaintiff's intention to have his case heard in Federal Court, due to Illinois common law precedent concerning the present matter. However, public policy purports that GSELL is entitled to have his claim heard in Federal Court. GSELL was deprived of his rights mandated by the Department of Transportation and therein prejudiced, which is a violation of public policy. In addition, GSELL is the person in the best position to bring the case forth, being that he is the one who is prejudiced. Preventing the Plaintiff from bringing his case forth would not be in conformity with the protections included in the statute and regulations for employees affected by drug testing requirements. 49 U.S.C. § 31306(c); 49 C.F.R. § 382.605.

WHEREFORE the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendant in compensatory damages and all any and all damages equitable and just.

Respectfully submitted,
Creighton Gsell, Plaintiff.

By: /s/ Rene Hernandez

Rene Hernandez
Law Offices of Rene Hernandez, P.C
1625 East State Street
Rockford, Illinois  61104
Phone:  (815) 387-0261
Fax:     (815) 387-0264