# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1670 | **DATE** | 7/24/2008 |
| **CASE TITLE** | Gsell vs. Estes Express Lines | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, Gsell's claims are dismissed with prejudice. This case is hereby dismissed in its entirety.

*Philip G. Reinhard* (signature)

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendant, Estes Express Lines ("Estes"), a Virginia corporation with its principal place of business in Virginia, a transportation services company that employs drivers to transport vehicles in interstate commerce, terminated plaintiff, Creighton Gsell ("Gsell"), a citizen of Illinois, on February 27, 2007 after Gsell tested positive for traces of alcohol after he was given an alcohol breathalyzer test. Gsell filed this suit in Illinois state court and Estes subsequently removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. Under Count I, Gsell claims that Estes violated public policy by terminating him without complying with 49 C.F.R. § 40.153, which requires Medical Reviewing Officers ("MRO's") to give certain information to test subjects if the result of their drug test is positive. Gsell claims in Count II that Estes violated public policy by terminating him when 49 C.F.R. § 40.247 did not require such termination. Estes contends that Gsell's claims of public policy violations do not fall within the narrow exceptions to Illinois' employment at-will doctrine and that Gsell has no private cause of action to sue Estes under the relevant federal statutes. Estes moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

"A plaintiff's complaint need only provide a 'short and plain statement of the claim showing the pleader is entitled to relief,' sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal citation omitted). The court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [plaintiff's] favor." Id. Plaintiff's allegations need only show that it is plausible, rather than merely speculative, that it is entitled to relief. Id. at 1082.

Accordingly, the following facts of the complaint are assumed to be true for purposes of deciding Estes' motion. Estes, as an employer of commercial vehicle operators, is subject to 49 U.S.C. § 31306 ("Alcohol and Controlled Substances Testing" or "ACST"), which requires operators of commercial motor vehicles to submit to random drug and alcohol tests. On February 26, 2007, Gsell, an at-will employee, was selected to undergo random alcohol and drug testing pursuant to this statute. ACST is promulgated through The Federal Omnibus Transportation Employee Testing Act of 1991 ("FOTETA"), Tit. V, P.L. 102-143, 105 Stat. 952 (1991), which is enforced through 49 C.F.R. 40. FOTETA requires that if a driver's alcohol test results are 0.02 or higher, the employer of the driver must take immediate action to remove that driver from safety sensitive positions. 49 C.F.R. 40.23(c). In addition to

**STATEMENT**

substance thresholds in the regulation, Estes' own Drug and Alcohol Policy requires that any employee who tests positive for drugs or alcohol will be subject to immediate discharge. Gsell was given a breathalyzer test that tested for the presence of alcohol. The results of this test yielded a positive result of .017; a confirmation test yielded a second positive result of .012.[1]  In conjunction with the breathalyzer tests, Gsell also submitted a urine sample (split specimen) that was to be used to test for the presence of illegal drugs. After learning of the results of Gsell's tests, Estes terminated Gsell on February 26, 2007.

The court first addresses whether Gsell could sue his employer under FOTETA.[2]  FOTETA does not provide an express right of action for an individual to sue his employer for not adhering to FOTETA's requirements. McDowell v. J.B. Hunt Transport, Inc., 2004 WL 1878334, *3 (N.D. Ill. Aug. 10, 2004) (Guzman, J.). The question remains whether a private right of action is implied in FOTETA.

The Supreme Court has traditionally relied on a four-part test for determining whether there is an implied private right of action in a statute, Cort v. Ash, 422 U.S. 66, 78 (1975); however, the Court has indicated that the overarching, determinative factor is legislative intent.  Touche Ross & Co. v. Redington, 442 U.S. 560, 575, (1979); see also Thompson v. Thompson, 484 U.S. 174, 189, (1988) (Scalia, J., concurring) ("[W]e effectively overruled the Cort v. Ash analysis in Touche Ross, converting one of its four factors (congressional intent) into *the determinative factor*.") (emphasis in original).

The Department of Transportation has a general mandate to enforce the provisions of FOTETA, so a private right of action is not necessary to further FOTETA's purposes. McDowell, 2004 WL 1878334 *4. In relation to FOTETA, the Department of Transportation is specifically provided with enforcement powers, including civil sanctions and/or criminal penalties for an employer's non-compliance. 49 C.F.R. § 382.507.  Therefore, any responsibility for violations of FOTETA's procedural requirements lie with the Department of Transportation and not with Estes. These findings indicate that FOTETA was meant to ensure the safety of the public by having operators of commercial motor vehicles tested for alcohol and controlled substances; they do not show that Congress intended employees to have a private right of action to enforce the drug testing laws.[3]  Other courts have similarly concluded that FOTETA does not provide a private right of action. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 307-09 (6th Cir.2000); see also Drake v. Delta Air Lines, Inc., 147 F.3d 169, 170-71 (2d Cir.1998); Schmeling v. NORDAM, 97 F.3d 1336, 1343-44 (10th Cir.1996); McDowell, 2004 WL 1878334 at **3 - 4.  Therefore, Gsell has no private right of action under FOTETA for his claims against Estes.

Having found that Gsell could not bring his claim under FOTETA, the court now addresses Gsell's allegations of public policy violations under Illinois law. Gsell concedes that he is not bringing his case under the Illinois common law tort of retaliatory discharge. Instead, he claims that Illinois public policy was violated when Estes did not adhere to the requirements of FOTETA. While Gsell looks to FOTETA to determine what public policy was violated, his public policy claims are, in reality, state law claims.[4]

Illinois adheres to the employment-at-will doctrine, where an employee serves at the employer's discretion and can be discharged for any reason or no reason.  Sherman v. Kraft General Foods, Inc., 651 N.E.2d 708, 710 (1995). The Illinois Supreme Court has recognized the tort of retaliatory discharge as a narrow exception to the employment at-will doctrine. Kelsay v. Motorola, Inc., 384 N.E.2d 353, 357-358 (1978).  "A plaintiff states a valid claim for retaliatory discharge only if [he] alleges that [he] was (1) discharged; (2) in retaliation for [his] activities; and (3) that the discharge violates a clear mandate of public policy."  Hinthorn v. Roland's of Bloomington, Inc., 519 N.E.2d 909, 911 (1988); see also Jandeska v. Prairie Intern. Trucks, Inc., ___ N.E.2d ___, 2008 WL 2569337, *2 (Ill. App. 4 Dist. June 26, 2008).  Moreover, the Illinois Supreme Court has "consistently sought to restrict the common[-]law tort of retaliatory discharge."  Metzger v. DaRosa, 805 N.E.2d 1165, 1173 (Ill., 2004) (citing cases where the Illinois Supreme Court has sought to limit the tort of retaliatory discharge).

Gsell argues that Estes violated public policy by discharging him when his alcohol tests returned amounts less than 0.02 and by not informing him that he could request a test of the split specimen.  Gsell's argument is misguided because public policy is not a stand-alone exception to the employment at-will doctrine; it is an element of the test for determining if a retaliatory discharge occurred. The test for the tort of retaliatory discharge is conjunctive–Gsell must prove that his discharge violated public policy and that he was discharged in retaliation for his activities. Gsell admits that he is not making a claim for retaliatory discharge.  Rather, Gsell seeks to remove public policy as an element of retaliatory discharge and exalt it to the status of a stand-alone exception to the employment at-will doctrine–an exaltation this Court is unwilling to make. Because Gsell's claims do not fall within the narrow exception to the

## STATEMENT

employment at-will doctrine, his claims must fail.

Even if public policy were recognized in Illinois as a stand-alone exception to the employment at-will doctrine (which it is not), Gsell's claims would again be misguided. First, Gsell argues that Estes should have given him information regarding the testing of the split specimen; however, the section of FOTETA that Gsell relies on is limited to obligations of MRO's and not employers. 49 C.F.R. § 40.153. Section 40.153 makes it clear that it is the MRO's responsibility and not the employer's responsibility to provide this information. Even worse for Gsell, this section relates to an MRO's obligations relative to drug tests and not alcohol tests.

Finally, it must be noted that even if Gsell had a private right of action to sue his employer, the minimum sanctions in FOTETA should not lessen an employer's ability to impose greater sanctions (e.g., a zero tolerance policy), up to and including termination of employment, through its own alcohol and controlled substances testing policy. See 49 C.F.R. § 382.601(c). There is no public policy built into FOTETA that indicates that FOTETA preempts an employer from terminating an at-will employee for violations of the employer's own internal policies. Gsell's interpretation of the enforcement provisions of FOTETA in his second claim would dictate that Estes should be required to continue to employ drivers of its vehicles even if those drivers tested positive for alcohol or drugs but did not have results that crossed the FOTETA thresholds. Such an interpretation flouts any real public policy considerations behind FOTETA

Having found that Gsell lacked a private right of action to sue under FOTETA and that the claim of violation of public policy is not a stand-alone exception to the employment at-will doctrine, Gsell's claims are dismissed with prejudice.

1. Gsell admits to consuming Scope mouthwash prior to the test. For purposes of Gsell's Complaint, all that matters is that Gsell consumed a liquid mixture containing alcohol. (See 49 C.F.R. 40.3.)

2. The court has subject matter jurisdiction based on diversity independent of any federal question. Though Gsell does not expressly ask for relief under FOTETA, Estes raises the issue. Since a Rule 12(b)(6) motion can only be granted if no claim is stated and the complaint puts FOTETA and its implementing regulations at issue, it is necessary to first examine FOTETA's remedies to see if plaintiff has a claim there.

3. It is worth noting that a wronged employee would not be without redress in relation to FOTETA. The employee could seek redress through administrative means, such as filing a complaint with the Secretary of the Department of Transportation.

4. Although Gsell filed the complaint in state court, the case was removed by Estes under both federal question and diversity jurisdiction. Gsell has not challenged such removal.